## Richmond

KENNETH C. HOGGE, SUBSTITUTE JUDGE, ETC. v. LOUIS ELLENSON.

November 29, 1971.

Record No. 7625.

Present, All the Justices.

*Thomas E. Glascock, City Attorney for the City of Hampton,* for appellant.

*Lewis H. Hall, Jr.; Daniel W. Wilkinson, Jr. (Hall, Fox & Topping; West & Wilkinson,* on brief), for appellee.

Per Curiam.

Kenneth C. Hogge is substitute judge of the Municipal Court of the City of Hampton, Traffic Division. Louis Ellenson, an attorney, was retained to represent a defendant in a lunacy commission hearing styled *"Commonwealth* v. *Evans"* which was set for hearing before Judge Hogge at Kecoughtan Veterans Administration Hospital in the City of Hampton at 12 noon on February 27, 1970. Ellenson was also retained to represent one of the parties in a divorce proceeding styled *"Cox* v. *Cox",* set for hearing in the Circuit Court of the City of Newport News, on February 27, 1970 at 10 A. M.

Ellenson failed to appear in the case of *Commonwealth* v. *Evans* at the appointed time and place. Thereafter Judge Hogge had a warrant sworn out charging him with contempt of court for such

failure. While the record shows that at the time Ellenson was scheduled to appear before Judge Hogge he was still engaged in the trial of *Cox* v. *Cox* in the Circuit Court of the City of Newport News, such is not important or pertinent to our decision.

Subsequent to his arrest on the contempt warrant, Ellenson filed a petition in chancery in the Circuit Court of the City of Newport News against Hogge, in his official capacity, praying that the court issue an injunction enjoining him from prosecuting the warrant.

Hogge filed a general demurrer to the petition and a plea in abatement alleging that the court was without jurisdiction or venue. The trial court heard argument on the plea, demurrer and the merits of the controversy. It overruled the plea and demurrer, and entered a decree enjoining Hogge, and anyone seeking to act in his behalf, from proceeding further in the prosecution of the criminal warrant for contempt. We granted Hogge a writ of error to this final decree.

We are not concerned here with the facts that led to the issuance of the warrant charging Ellenson with contempt, the validity of the warrant, or any reason or excuse Ellenson may have had for his failure to appear. Respecting the proceedings in the case of *Cox* v. *Cox* in which Ellenson was counsel in the court below, he did appear in that court; he represented his client there in an orderly manner and to a conclusion; no proceedings in that court were frustrated or disrupted; Ellenson was not arrested while engaged in any trial before the court; and no action was necessary, needed or indicated to protect the lower court, any of its litigants or officers, or to "vindicate its integrity".

The contempt warrant was issued by a duly constituted court of the City of Hampton. If the warrant is invalid for any reason, or was improperly issued, or if Ellenson has a valid reason, excuse or justification for his failure to appear at 12 noon on February 27, 1970 before Judge Hogge at the time and place where he was scheduled to appear, that is a defense properly to be made in and before the court in Hampton where the warrant is returnable. Should the case against Ellenson be decided contrary to the law and evidence, there is available to him all the normal courses of appeal provided by law to a court of record in that city and to this court.

Ellenson had an adequate remedy at law by following the judicial processes of the courts in the City of Hampton. There was no occasion here to seek the aid or to invoke the jurisdiction of a court of chancery. If such had been proper, Code § 8-611 provides that such

jurisdiction shall be in the circuit court of the county or the corporation or other court of the city having chancery jurisdiction of the county or city in which the judgment was rendered or such proceeding is pending.

The plea in abatement filed by Hogge should have been sustained and Ellenson's suit dismissed. Accordingly the decree of the court below is reversed, the injunction it granted is dissolved and the suit is dismissed.

*Decree reversed, injunction dissolved and suit dismissed.*